## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CURTIS GORE,**                                                                 **PLAINTIFF**

**V.**                                                               **NO. 1:06CV309-M-D**

**LOWNDES COUNTY, MISSISSIPPI, et al.,**                                      **DEFENDANTS**

### <u>OPINION DISMISSING CLAIMS</u>

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at Central Mississippi Correctional Facility, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains about certain personal property seized from his home during his arrest in October of 2000. Plaintiff is seeking the return of his property along with compensatory and punitive damages in the amount of $6,500,000.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Mississippi's "catch-all" limitations period allows an aggrieved individual three years after the cause of action has accrued to seek the legal assistance of the courts. Miss. Code Ann. § 15-1-49. Assuming, as the notice of seizure indicates, that the property was removed from his home on October 23, 2000, his claim is more than three years beyond the statute of limitations and, thus, untimely. Since the notice of seizure also includes Plaintiff's signature, there is no room to suggest that tolling the limitations period is appropriate. Further detrimental to Plaintiff's complaint is a state court order indicating some of the personal property, consisting entirely of firearms, was lawfully forfeited to the Defendants.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the constitution has not been implicated by the facts of this case. According to his own documentation, the property was lawfully seized and later legally forfeited. Therefore, Plaintiff's complaint must be dismissed as untimely and for failing to state a cause of action upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Gore is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 11th day of December, 2006.

**/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**